# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

A. Y. BAYNE v. BOARD OF COUNTY COMMISSIONERS OF WRIGHT COUNTY.[1]

June 12, 1903.

Nos. 13,521—(147).[2]

**Claims against County.**

 *Held,* that certain verified claims and demands presented to a board of county commissioners for auditing and allowance were a substantial and sufficient compliance with the requirements of G. S. 1894, § 687.

**Bridges—Contracts.**

 By Laws 1899, p. 200 (c. 192, § 1), boards of county commissioners are authorized to appropriate money for the purpose of building bridges upon public highways in counties, and this includes bridges on town roads. This statute is not inconsistent with the provisions of G. S. 1894, §§ 1847–1850, inclusive. Having been given authority to appropriate money for the building of bridges, it is to be inferred that a county board may enter into contracts for such building.

 Appeal by defendant from an order of the district court for Wright county, Giddings, J., overruling a general demurrer to the complaint. Affirmed.

 [1] Reported in 95 N. W. 456.     [2] See note on page iv.

  90 M.—1

*E. S. Oakley,* County Attorney, for appellant.

The complaint does not state a cause of action upon either count, for the reason that it is nowhere stated that the bridges for which the alleged contracts were made were to be located upon county roads.

In our state all highways established under state or county authority are county roads (G. S. 1894, § 1844) and the duty of constructing these roads and all bridges thereon devolves on the various counties. All other roads are town roads, and the care and supervision of these is imposed upon town supervisors (section 1775). The power to appropriate money for the construction and repair of town roads and bridges lies with the electors, to be exercised at the annual town meeting (section 930, subd. 9), such money to be expended upon the order of the town supervisors (section 968). In the case of county roads and bridges this power is vested in the county commissioners. But the duty of keeping such roads in repair devolves upon the various towns (section 1846, as amended by Laws 1899, c. 192).

Prior to Laws 1891, c. 19, county commissioners had no authority to appropriate money for the construction or repair of town roads or bridges. Laws 1895, c. 287, limited the amount that could be appropriated under the former act to $300 in any one year upon any town road in any township. G. S. 1894, §§ 1838–1848, were re-enacted by Laws 1897, c. 199. Section 1846 was again amended by Laws 1899, c. 192.

The various towns and counties of the state exercise separate and independent, although similar, functions. Although the township may be part of the territory of a county, the town and county may both have jurisdiction over such territory, the functions of each being distinct and independent. In their exercise both are limited by the provisions of statute. The legislature may delegate one duty to the county, another to the town.

*W. H. Cutting,* for respondent.

COLLINS, J.

This is an appeal from an order overruling a general demurrer to the complaint, in which two separate causes of action were set forth. It was alleged in the first that the defendant, as the board of county

ccmmissioners of Wright county, and plaintiff entered into a contract in writing, by the terms of which the latter was to furnish all of the material, except the lumber, and erect and complete certain iron bridges in the town of Stockholm, in said county, at the agreed price of $1,200; that plaintiff had fully performed his contract in the manner and within the time specified; that these bridges had been accepted by the defendant board; that after such acceptance the plaintiff duly presented his claim and demand for payment of the contract price to the board; that it was allowed in full; and that an appeal had been taken by the county attorney from this allowance. A copy of the claim and demand, as verified and presented to defendant board, was attached to and made a part of the first cause of action. The second cause of action pertained to bridges in the town of Cokato, in said county. A like contract, the performance thereof, acceptance of the bridges by the board, presentation and allowance of the verified claim by the board, and also that an appeal had been taken from its allowance, were alleged; the amount claimed to be due upon the contract set forth in this cause of action being $900.

From the allegations as to the first cause of action, it appeared that there had been presented to the board of county commissioners a claim and demand in the following language:

"Minneapolis, Minn., May 6th, 1902.

"Wright County, Minn.,

  To A. Y. Bayne & Co., Dr.:

"To 3 bridges built in town of Stockholm, as per contract dated Jan. 31st, 1902, $1,200.

"State of Minnesota,

  County of Hennepin.

"I, A. Y. Bayne, solemnly swear that the above bill is true and just, according to contract; that the work has been performed in good faith, on the order of the county board, and the above amount is due and unpaid.   A. Y. Bayne & Co.,

  "By A. Y. Bayne.

"Subscribed and sworn to before me this 7th day of May, 1902.   T. S. Layman,

  "[Seal.]   Notary Public for Hennepin County, Minn."

And it appeared that a like claim and demand had been presented as . to the contract referred to in the second cause of action.

1. The first question to be considered is whether, in the presentation of these claims and demands, there was a substantial compliance with G. S. 1894, § 687, which requires that before any account, claim, or demand against any town or county of the state shall be audited or allowed, the same shall be reduced to writing, itemized and verified, to the effect that

> "Such account, claim or demand is just and true, that the money therein charged was actually paid for the purposes therein stated, that the property therein charged was actually delivered or used for the purposes therein stated, and was of the value therein charged, and that the services therein charged were actually rendered, and of the value therein charged."

It would seem rather inappropriate and incongruous, in cases of contracts of the character of those set forth in this complaint, to require affidavits in strict accordance with the statute. It might be well to compel the creditor to make an affidavit to the effect that an account, claim, or demand arising upon such a contract is just and true, and perhaps that the services rendered and the materials furnished were of the value charged. It certainly would be impossible to construe the statute so as to hold that in such cases the affidavits should state that the money therein charged was actually paid, or that the property was actually delivered, or that the services were actually rendered; and certainly it could not be expected that the items of such a contract could or should be reduced to writing. The law never requires foolish or impossible things. So, in a case of this character, and where claims and demands of the nature of those herein involved are presented to an auditing board, the statute must be given a reasonable construction, and the courts must hold that substantial compliance with it is all that can be required. In this particular case each of the claims and demands contained a statement. that the amount alleged to be due was on account of bridges built according to contract of date January 31, 1902. The verification was

to the effect that the claim and demand were just and true, according to the contract, that the work had been performed in good faith on the order of the county board, and that the amount claimed was due and unpaid. Taking the claim and demand, and its verification as set forth in the complaint, as a whole, we hold that there was a sufficient and substantial compliance with the statute, and that nothing more definite was required in the way of verification. It will be seen upon examination that the claim and demand under consideration in Old Second Nat. Bank v. Town of Middletown, 67 Minn. 1, 69 N. W. 471, were of a totally different character from those now before us.

2. It is contended that the complaint is defective because it failed to allege that the bridges for which the alleged contracts were entered into were to be erected upon county roads.

By Laws 1899, p. 200 (c. 192, § 1), G. S. 1894, § 1846, was amended so as to authorize boards of county commissioners to appropriate from the county treasury not to exceed a certain sum or ratio of the assessed valuation of real estate in the county "for the purpose of repairing, improving or building bridges upon any public highway." This power was in addition to that already possessed to appropriate such sums of money as was advisable for the care and maintenance of county roads and highways. This amendment must be read in connection with sections 1847 to 1850, inclusive, and also in connection with Laws 1895, p. 680 (c. 287). There is not the slightest inconsistency or lack of harmony in these acts. Under the amendment of 1899, the commissioners may appropriate money for the repairing, improving, and building of bridges upon town roads, because such roads are public highways; and it follows, of necessity, that, if they may appropriate money for this purpose, they may enter into contracts for the performance of the work. When given authority to appropriate, it is to be inferred that they may enter into contracts involving the expenditure of the moneys appropriated. Nowhere is authority given to the county commissioners to permit or authorize other parties to expend money appropriated for bridge building, except that they may make an appropriation not exceeding the sum of $300 out of the road and bridge fund, to be paid over and expended in the town in accordance with the provisions of section 1847, et seq.

Again, we must·presume that the contracts mentioned in the complaint in this action were for bridges which could lawfully be erected by the board under the general power given by statute. Collom v. Bixby, 33 Minn. 50, 21 N. W. 855. The presumption is that public officials observe and obey the law when entering into contracts, and, if contracts made by them are within the scope of their power and authority, they must be presumed to be made in view of and in conformity with the law. Gillette-Herzog Mnfg. Co. v. Board Co. Commrs. of Aitkin Co., 69 Minn. 297, 72 N. W. 123; Reed v. City of Anoka, 85 Minn. 294, 88 N. W. 981. The presumption is that the defendant board acted, when entering into this contract, within the limits of its authority, and that the contracts were for bridges which such board was empowered to erect and pay for. Webb v. School District, 83 Minn. 111, 85 N. W. 932.

So that the complaint would be sufficient in this respect if, as a matter of law, the defendant board had no authority to enter into a contract for the building of bridges upon town roads. The presumption would be sufficient to sustain it. Irregular, improper, and unwarranted acts by the board cannot be inferred. If there were such in this case, they must be alleged in the answer in defense, and established upon trial.

Order affirmed.