PHILIP T. MEGAARDEN v. COUNTY OF HENNEPIN.[1]

July 26, 1907.

Nos. 15,196—(173).

**Sheriff—Limitation of Actions.**

      Section 5137, G. S. 1894 (R. L. 1905, § 4077), providing that certain actions against public officers must be brought within three years, construed, and *held*, that it does not apply to an action for money had and received against a sheriff on account of money obtained from the county upon verified bills, alleged to be untrue, for official services.

Appeal by plaintiff from an order of the district court for Hennepin county, Dickinson, J., overruling his demurrer to defendant's counterclaim. Affirmed.

*Chas. A. Dalby,* for appellant.

*E. T. Young,* Attorney General, *Al. J. Smith,* County Attorney, and *W. C. Leary,* Assistant County Attorney, for respondent.

START, C. J.

Action to recover from the county of Hennepin the sum of $2,-252.62, which the complaint alleged to be due to the plaintiff for boarding prisoners and other official services as sheriff of the county between August 1, and December 17, 1901, and, further, that his claim therefor was duly presented to the defendant for allowance and payment, but that it was disallowed.

The answer admitted that the plaintiff was sheriff, as alleged, and that he presented to the defendant certain bills, which were disallowed, and denied the other allegations thereof. The answer, for a counterclaim in favor of the defendant and against the plaintiff, alleged in effect that the plaintiff from January 1, 1899, up to and including December 17, 1901, was the duly elected and acting sheriff of the county of Hennepin; that the plaintiff between such dates presented to the defendant bills for conveying children to the state public school at Owatonna, for conveying persons committed to the state training school

[1] Reported in 112 N. W. 899.

at Red Wing, for conveying persons to the school for the feeble-minded at Faribault, for copying and serving grand and petit jury venires and subpœnas, for attendance before grand and petit juries, for bringing parties before the court for arraignment, for serving personal tax citations, for service in extraditing persons from other states, for the arrest of prisoners, for caring and providing for juries, for telephone expenses, and for patroling bicycle paths in his county; that all of the bills were false, fraudulent, and exceed the just and valid claims of the plaintiff against the defendant in the sum of $10,000; that the defendant, believing all of the bills and claims so made by plaintiff to be true and valid, and relying thereon, allowed them and paid to the plaintiff the sum of $10,000 over and above the true, just, and valid amount due thereon; that the defendant did not discover that the bills and claims were false, fraudulent, or untrue until September 1, 1901; and, further, that the defendant demanded from the plaintiff payment of the $10,000 so obtained from it, but he has not paid the amount, except the sum of $5,418.74, leaving a balance unpaid of $4,581.26. The answer demanded judgment in favor of the defendant and against the plaintiff for $13,743.78: The plaintiff demurred to the counterclaim. The trial court made its order overruling the demurrer, from which the plaintiff appealed.

The question raised by the demurrer is whether the counterclaim is barred by the statute of limitations. The plaintiff insists that the provisions of G. S. 1894, § 5137 (R. L. 1905, § 4077), are applicable to this case, which are to the effect that the following actions must be brought within three years, namely:

"First. An action against a sheriff, coroner or constable, upon a liability by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution.

"Second. An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state of Minnesota."

The counterclaim alleges an action for money had and received, and not one upon a statute for a penalty or forfeiture; hence the second subdivision of the section relied on has no application to this case.

It is not controverted that, if the limitation applicable to this case

is three years, the counterclaim is barred. We have, then, the question whether or not this action falls within the provisions of the first subdivision of the section, or, in other words, did the plaintiff receive the money, which is the subject-matter of this action, "by the doing of an act in his official capacity and in virtue of his office"? The allegations of the counterclaim show that the plaintiff made improper charges against the county in excess of legal right for official services as sheriff and had collected the same on verified claims presented to the defendant. It is claimed by the defendant that the plaintiff verified his claims and collected the amount thereof as any other person having a claim against the county would do (R. L. 1905, §§ 438, 439); hence the collecting of his pay for alleged official services was not an official act in virtue of his office. It is the contention of the plaintiff that the allegations of the counterclaim show that it was the fact that he was sheriff, and that as such he had rendered official services for which he presented verified bills or claims to defendant, which was the inducing cause of the money being paid to him; hence the counterclaim in its last analysis is based upon an alleged liability by the doing of an act in his official capacity and in virtue of his office, whereby he obtained a greater sum for his official services than he was entitled to.

This position seems plausible, but it is unsound. If the plaintiff's bills were audited and paid upon his official report to the defendant of services rendered to it as sheriff, or upon his official certificate of correctness of his bills, the contention of the plaintiff would be unassailable; but such is not this case. The performance of the official services for the defendant by the plaintiff as sheriff and the collecting of his pay therefor were neither interdependent nor inseparable acts. The performance of the official services gave him the right to present his bills therefor to the defendant for payment, just as an individual having a claim against the county might do. This right he might or might not, at his election, exercise. It was not his official duty to do so, or to report officially the performance of such services to the defendant. No part of the alleged official services which were the basis of his bills as set forth in the counterclaim was of the kind which the statute requires to be reported officially; for example, boarding prisoners, or money collected or received for the use of or belonging to the county. If the exercise of the plaintiff's right to collect his

pay for official services was an act done in his official capacity and in virtue of his office, then it would follow that he could not present and collect bills, for official services rendered while in office, after his term had expired. Would any one seriously claim that, where there was no opportunity for the sheriff to present his bills for official services before his term expired, a case which frequently occurs in practice, he could not thereafter present and collect them? Such, however, would be the result if collecting his bills for official services be an act done in his official capacity and in virtue of his office.

In the case of Furlong v. State, 58 Miss. 717, it was held that the presentation and collection of false accounts by a sheriff for alleged official services was an individual and not an official act, the exercise of a right given, not the performance of a duty imposed by statute, for which the sureties on his official bond were not liable. The cases of Jennings v. Bobe, 40 South. (Fla.) 194, People v. Toomey, 122 Ill. 308, 13 N. E. 521, and Tucker v. State, 163 Ind. 403, 71 N. E. 140, are to the same effect. It is true, as claimed by the plaintiff, that the cases cited were actions against the sureties on official bonds, and that the acts of their principals were strictly construed in their favor. Nevertheless the cases directly support the proposition that the presentation and collecting of his bills by a public officer for his alleged official services is his individual act, not an official one. In the case of Hall v. Tierney, 89 Minn. 407, 95 N. W. 219, the defendant was sheriff, and assumed to act officially as such in a matter he would have had the legal right to act officially if he had been armed with the proper and legal process; but he was not. Therefore it was held that his act, although unlawful, was one done under color and by virtue of his office, and that the sureties on his official bond were liable for his act. The distinction between that case and this one is obvious.

The last contention of the defendant is that State v. Megaarden, 85 Minn. 41, 88 N. W. 412, 89 Am. St. 534, is decisive of this case in his favor. In that case quo warranto proceedings were instituted by the attorney general to oust the plaintiff herein from the office of sheriff of the county of Hennepin pending proceedings before the governor for his removal. The proceedings for his removal were based upon the report of the public examiner charging him with having made improper charges against the county in excess of legal right and col-

lecting them on verified claims. The court, in considering the charges made by the public examiner said: "We have no doubt that the presentation of unfounded claims for services by a sheriff to the county board for allowance which had been collected during a previous term and retained into a succeeding one, particularly if such course of malversation had been knowingly and wilfully continued for a considerable period, as alleged in this information, would amount to official misconduct which would justify his removal from office." It is upon this language that the plaintiff hangs his claim that the case cited rules the one at bar. We cannot so hold; for, conceding that a sheriff, by using his office as a means for obtaining money from the county to which he is not entitled, is guilty of such misconduct as would justify his removal from office, it does not follow that his liability to return the money arises from his doing an act in his official capacity and in virtue of his office. The civil liability in such a case arises from the fact that he has received from the county money which does not belong to him. We therefore hold that section 5137, G. S. 1894 (R. L. 1905, § 4077), requiring the actions therein mentioned to be brought within three years, does not apply to this case, and that the defendant's counterclaim is not barred by the statute of limitations.

Order affirmed.