# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

JOHN ARMSTRONG v. BOARD OF COUNTY COMMISSIONERS OF ST. LOUIS COUNTY.[1]

December 13, 1907.

Nos. 15,339—(73).

**County Commissioners.**

County commissioners have the power to enter into a contract for the employment of such agents as may be necessary to oversee, superintend, and inspect work upon the highways of the county for which they have appropriated county money.

**Pleading—Counterclaim.**

The allegations of the counterclaim herein, to recover from the plaintiff the difference between the amount of the contract price paid to the plaintiff by the defendant, pursuant to an alleged contract of employment as such overseer, and the reasonable value of his services, are not sufficient to constitute a cause of action.

Action in the district court for St. Louis county to recover $567 for services rendered. From an order, Dibell, J., sustaining plaintiff's demurrer to the counterclaim set up in its answer, defendant appealed. Affirmed.

*John H. Norton,* County Attorney, and *William J. Stevenson,* First Assistant County Attorney, for appellant.

*H. B. Fryberger,* for respondent.

[1] Reported in 114 N. W. 89.

103 M.—1

START, C. J.

Appeal by the defendant from an order of the district court of the county of St. Louis sustaining the demurrer of the plaintiff to the counterclaim set up in its answer. The complaint alleged a cause of action against the defendant upon an implied contract for services, in that the plaintiff, at defendant's request, performed services for it in stabling and caring for its horses from May 1, 1901, to March 16, 1904, which services were of the reasonable value of $567. The allegations of the counterclaim are to the effect that the defendant from time to time between May, 1901, and March, 1904, by resolution, appointed the plaintiff overseer and superintendent of roads of the county. at the fixed salary of $5 for each day in which he should perform any services in such capacity; that among his duties were the inspection of work done on county roads and reporting the result to the defendant and the care and stabling of the horses referred to in the complaint; that such appointment was illegal, because the defendant had no power to create such office; that for any services performed by the plaintiff with reference to the roads of the county he was only entitled to receive from the county the reasonable value thereof; that he rendered to defendant at the end of each month verified bills for services performed during the previous month, in which he charged $5 per day for the services he claimed to have rendered and included therein "many days as full days on which he had actually worked only a small portion of the day, if at all"; that the defendant, assuming that it had a right to create the office of overseer of roads, and that it had the right to pay its appointee the uniform salary of $5 for each day during which any services were performed by him and believing such appointment to be legal, paid to the plaintiff the full amount of the bills so rendered, except the last one, which exceeded the reasonable value of the services rendered to the defendant at least $1,000; and, further, that the total amount paid to plaintiff by the defendant during such time was $3,580, and the value of all services performed and work done by the plaintiff in any capacity for the defendant during such time did not exceed $2,580.

The plaintiff demurred to this alleged counterclaim on the grounds (a) that the cause of action attempted to be pleaded is not a proper

subject of counterclaim herein; (b) that it does not state facts sufficient to constitute a counterclaim.

If the answer alleges facts sufficient to constitute a cause of action, they are sufficient to constitute a counterclaim herein; for, if a cause of action is stated, it arises on contract, and not tort. The allegations of the supposed counterclaim are prolix and argumentative, but the synopsis which we have given contains the gist of its allegations of fact. Do they state a cause of action? It is clear that no fraud or wrongdoing, either on the part of the plaintiff or the defendant, is charged. No cause of action sounding in tort is attempted to be alleged. It is claimed by the defendant that the allegations show that the plaintiff obtained from it, by means of false and untrue bills, money which he was not legally entitled to. The only allegations which can possibly afford any foundation for the claim are that he presented for allowance and payment, each month, verified bills at the uniform charge of $5 per day, and included therein many days on which "he had actually worked only a small portion of the day, if at all." This cannot be construed as alleging that he charged for days on which he rendered no services; for it is at most a charge that he presented bills for full pay for each day that he rendered any services to the defendant pursuant to his employment. This allegation must be read in connection with the one in reference to the contract, which was to the effect that the plaintiff should receive $5 per day for each day during which any work in such capacity should be performed by him. There being no allegations to the contrary, it must be presumed that in the presentation of the bills and their allowance and payment in accordance with the contract both parties acted in good faith.

The only question, then, is whether the allegations of fact, not law, of the counterclaim, show that the plaintiff received from the defendant any money which did not belong to him and which he is legally bound to repay. The answer to the question depends upon whether the employment of the plaintiff and fixing his compensation before the services were rendered by the defendant were authorized. It is to be noted that there are no allegations as to the circumstances under which the plaintiff was appointed or employed, or that he was employed for any particular time. On the contrary, the fair inference from the

allegations of fact is that he was employed by the defendant by the day, and for no fixed period of time, to oversee and inspect work on the county roads and perform the other services alleged in the complaint, and that the defendant agreed to pay him $5 for each day during which he should be called upon to render such services. The allegation of the answer that the defendant created an office and appointed the plaintiff to such office is a conclusion not warranted by any allegation of fact in the counterclaim. The statute (R. L. 1905, §§ 1202, 1203) authorizes the county commissioners of any county to appropriate such sums of money as they deem advisable, within certain limitations, for constructing, opening, and improving the public highways of the county. This authority so conferred includes the doing by the commissioners of everything which is reasonably necessary to the efficient execution of the authority given and the performance of the duty imposed upon them by law. It includes the making of contracts for the employment of such agents as may be necessary to carry into effect the powers expressly granted. Cushman v. Board of Commrs. of Carver County, 19 Minn. 252 (295); Schmidt v. County of Stearns, 34 Minn. 112, 24 N. W. 358; Bayne v. Board of Commrs. of Wright County, 90 Minn. 1, 95 N. W. 456.

Whether in any given case it be necessary and appropriate for the county commissioners to enter into a contract for the employment of an overseer to inspect and superintend work upon the highways of the county for which they have appropriated county money and report the result thereof from time to time depends upon the territorial extent of the county, the mileage and character of its highways, and other similar matters. In the case at bar, there being no allegations to the contrary, the presumption is that the conditions existed which made the employment of the plaintiff by the defendant necessary. Therefore it must be held to have been within the scope of its power and that the contract was valid. The contract having been entered into in good faith and executed by both parties the simple fact that the contract price paid exceeded the reasonable value of the services performed does not render the contract invalid or constitute a legal claim against the plaintiff for the difference between the amount paid and the reasonable value of the services. The case of Megaarden v. Coun-

ty of Hennepin, 102 Minn. 134, 112 N. W. 899, cited by defendant, is not here in point; for in that case the allegations of the counterclaim were to the effect that the plaintiff, by means of false and fraudulent verified bills, obtained from the county the money it was sought to recover back. Such is not the effect of the allegations in the counterclaim in this case, and we hold that they are not sufficient to constitute a cause of action.

Order affirmed.