ANTON HJELM v. E. M. PATTERSON and Others.[1]

August 7, 1908.

Nos. 15,428—(13).

**Act Unconstitutional.**

Chapter 458, Laws 1907, providing for the appointment of a superintendent of highways in counties having less than two hundred thousand inhabitants, is unconstitutional. Population alone furnishes no proper basis for the classification of counties for the purpose of legislation of this character.

Action in the district court for St. Louis county to restrain defendants as county commissioners of that county from appointing any person county superintendent of highways. From orders, Dibell, J., granting a temporary injunction and overruling a demurrer to plaintiff's complaint, defendants appealed. Affirmed.

[1] Reported in 117 N. W. 610.

*John H. Norton,* County Attorney, and *William J. Stevenson,* First Assistant County Attorney, for appellants.

*John A. Keyes,* for respondent.

ELLIOTT, J.

This is an appeal from an order overruling a demurrer to the complaint in an action brought to enjoin the county commissioners of St. Louis county from appointing a county superintendent of highways, under chapter 458, p. 707, Laws 1907. The trial court held the statute unconstitutional, and the correctness of this ruling is the only question presented on the appeal.

The statute is entitled "An act providing for the appointment of a county superintendent of highways and a road inspector in towns, and defining their duties and powers, in all counties, this state, having less than 200,000 inhabitants." The body of the act contains no limitation by population, and according to its terms applies to all the counties in the state; but under the well-settled rule in this jurisdiction the title of an act is the index of the legislation which may properly be enacted under it. This title is restrictive, and only the provisions of the statute which are within the expressed restriction are valid. Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104; Megins v. City of Duluth, 97 Minn. 23, 106 N. W. 89, 5 L. R. A. (N. S.) 638. This statute could, therefore, be sustained as against the objection that it violates section 27, art. 4, of the constitution. Thus construed, it applies "in all counties of the state having less than 200,-000 inhabitants."

It is not fairly subject to the objection that it applies only to such counties as had less than two hundred thousand inhabitants at the time of its enactment. In State v. District Court of St. Louis County, 61 Minn. 542, 547, 64 N. W. 190, it was held that a statute which was applicable to villages of "over 3,000 inhabitants" applied to such villages as had that population at the time of the enactment or at any time thereafter. In State v. Westfall, 85 Minn. 437, 89 N. W. 175, 57 L. R. A. 297, 89 Am. St. 571, the court applied the rule that population, if not limited to the present, may be the basis for the classification of counties for proper purposes. The act there under consideration applies to "counties of the state having over 75,000 inhab-

105 M.—17

itants," and. it was held valid, on the theory that all counties would come within the statute when they acquired that population. See also State v. District Court of Ramsey County, 84 Minn. 377, 87 N. W. 942, State v. Ames, 91 Minn. 365, 98 N. W. 190, and Boyd v. City, 92 Wis. 456, 66 N. W. 603.

In view of these decisions, and the rule that a statute must, if possible, be so construed as to render it valid, we are of the opinion that the statute now under consideration is not subject to the objection that it was intended to apply to such counties only as had less than the prescribed population at the time of its enactment. If in the future any of the large counties should shrink in population until they came below the standard, they would come within the operation of the law.

But this statute must nevertheless fall, because the legislature adopted a classification which is purely arbitrary and has no proper relation to the subject-matter of the legislation. Section 36, article 4, of the constitution, which authorizes the arbitrary classification of cities, does not apply to counties, and the rule still is that, "when population is the basis of classification, * * * the subject-matter must be such as suggests a necessity for the legislation arising out of the fact of population." State v. Brown, 97 Minn. 402, 408, 106 N. W. 477, and cases there cited.

There may be many reasons why it is desirable that one group of counties should have a superintendent of highways and another group should not have such an officer; but the number of inhabitants residing in each county has no natural relation to the subject. The extent of territory and physical conditions may create the necessity for such supervision. The undeveloped state of a county, the mileage and character of its highways, the necessity for new highways, and the improvement and repair of highways existing under unusual conditions are matters which suggest a proper basis of classification. But population alone sustains no natural relation to the subject. For illustration, county A has one hundred square miles of territory, substantially all covered by a city of one hundred ninety five thousand inhabitants. County B has twenty thousand square miles of territory, in one corner of which is a city of two hundred one thousand inhabitants. Under this statute, A would have a superintendent of

highways, and no highways; B would have the highways, and no superintendent. The basis of classification adopted in the statute under consideration is purely arbitrary, and the act is therefore unconstitutional.

Order affirmed.