## GREAT NORTHERN BRIDGE COMPANY v. TOWN OF FINLAYSON.[1]

June 16, 1916.

Nos. 19,711—(96).

**Bridge — appropriation by town board.**

1. A town board of supervisors under the authority conferred by G. S. 1913, § 1280, may appropriate money from the town road fund to aid in the construction of a bridge by a village situated within the town, without previous authorization by the town electors.

**Same — town meeting powerless.**

2. The authority to make such appropriation springs solely from the statute, and when made by the town board cannot be nullified by the electors at a subsequent town meeting.

**Same — notice to contractor.**

3. Though the person who enters into a contract for the construction of such a bridge would be required to take notice of the authority of the village officers, the law will not require him to go further and determine whether the place designated for the construction of the bridge is a public highway.

**Appropriation — presumption.**

4. In the absence of an affirmative showing to the contrary, it will be presumed that an authorized appropriation of public money is within the limits of the fund thus drawn upon.

Action in the district court for Pine county to recover $600 upon a town order drawn upon the treasurer of defendant. The defense set up in the answer is stated in the first paragraph of the opinion. The case was tried before Stolberg, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered

1Reported in 158 N. W. 392.

pursuant to the order for judgment, from an order denying its motion for amended findings, and from an order denying its motion for a new trial, defendant appealed. Affirmed.

*John Jenswold* and *John D. Jenswold,* for appellant.

*James D. Shearer.* and *L. D. Byard,* for respondent.

BROWN, C. J.

The village of Banning is situated wholly within the boundaries of the town of Finlayson, in Pine county. A bridge across the Kettle river at the outskirts of the village, forming a part of a highway leading to and from the village, had been declared out of repair and condemned, and in July, 1908, the village authorities set about to devise ways and means for the construction of a new one. They applied to the county of Pine, and obtained an appropriation of the sum of $1,500, a like sum of $300 was secured from the town of Partridge, a nearby township organization, and defendant herein by action of its board of supervisors on July 15, 1908, appropriated for the same purpose the sum of $600. With this financial help the village authorities entered into a contract for the construction of the new bridge with the Hewitt Bridge Company for the consideration of the sum of $3,000. Thereupon the officers of the town of Finlayson issued a town order for the amount of its appropriation, namely, $600, and deposited the same with the Sandstone State Bank for delivery to the contractor upon the completion of the bridge. The bridge was completed and accepted in January, 1909, and the order was then delivered by the bank. It was presented to the town treasurer for payment on January 15, 1909, and by him indorsed "not paid for want of funds." Plaintiff is now the owner and holder of the same and brought this action to recover thereon. Defendant interposed in defense that the appropriation of the money for the purposes stated, as well as the issuance of the town order in payment of the same, was without authority and created no legal liability on the part of the town. The trial court found that the appropriation was within the authority of the town board, that the town order was the legal and valid obligation of the town, and judgment was ordered for plaintiff for the amount thereof with interest. Defendant moved for amended findings or for a new trial. The motion was denied, and judgment rendered on the findings and defendant appealed.

1. The township organization provided for by the Constitution constitutes a political subdivision of the state, and its power, authority and manner of the exercise thereof are under legislative control. The town can exercise no power not conferred by statute, or which is not incidental to that expressly granted, and the authority of the officers thereof is equally so limited. 3 Dunnell, Minn. Dig. § 9645, et seq. The town in respect to all its interests usually speaks through the electors thereof at the annual town meeting, when local taxes are levied for township highways and other local purposes, officers chosen, and the conduct of the town affairs for the preceding year examined and approved or disapproved. In fact all money needed for public purposes must be provided for by the electors at the town meeting and the creation of any indebtedness in excess of the amount so raised is prohibited by statute. G. S. 1913, § 1190. At the regular town meeting preceding the date on which the town board appropriated the money to aid in the construction of the bridge here involved, and for which the town order in suit was issued, the electors then present voted to raise the sum of $500 for road and bridge purposes. The town board thereafter appropriated from that fund $600 for this bridge. It is now contended that the supervisors had no authority to make the appropriation for the reasons: (1) That such an appropriation can only be made on authority given by the electors; and (2) that it cannot be made either by the electors or town board to aid in the construction of a bridge outside the boundaries of the town. Both these contentions must be answered adversely to the defendant.

(1) The claim that an appropriation of this kind must be expressly authorized by the electors is not sound. It is of course to be conceded that the electors are supreme in the matter of taxation, in determining the amount of taxes to be raised for any particular purpose, but in respect to disbursing and expending the same the supervisors are controlled only by statutory restrictions. The authority of the electors ends when the town meeting adjourns; from thence on the affairs of the town are in control of the town board, and a vote of the electors as to the manner of expending money raised for town purposes is unnecessary.

(2) The second contention is answered by G. S. 1913, § 1280. It is an admitted fact that the town and village are separate and distinct municipal organizations, and that, prior to the enactment of that statute (Laws

1897, p. 447, c. 234), an appropriation of town funds for the construction or in aid of the construction of a bridge within the village could not lawfully be made. Bradish v. Lucken, 38 Minn. 186, 36 N. W. 454. But the decision in that case was abrogated by that statute. After declaring that a village situated as the one in the case at bar, wholly within a particular township, shall constitute one road district over which officers of the town shall have no control, and that all road taxes raised by the village shall be expended under the authority of its council, the statute provides: "But the county or town board may make such appropriations from its road funds as it shall deem proper for the construction or repair of bridges within such village." The authority thus conferred upon the town or county board is clear, and may be exercised within the limits of the money at its disposal without further authority from the electors. Nor can the action of the town board in making such an appropriation be repudiated or rendered invalid by the voters at a subsequent town meeting. The authority of the town board to make the appropriation springs from the statute, and not from the electors of the town.

.2. It is also urged that the bridge was not constructed upon or so as to connect with a public highway and, therefore, that the appropriation was on this further ground illegal. This contention is not sustained. If the pleadings are not to be construed as admitting the existence of the highway we do not deem the question as of controlling importance. A contract was duly entered into by the village authorities for the construction of the bridge, and the officers thereof no doubt designated to the contractor the place for its location. The contract was complied with, the bridge constructed and accepted. While the contractor in a case of this kind would be required to take notice of the extent of the authority of the village officers, and of their right under the law to enter into the contract, our attention has not been called to any rule of law that would require him to go beyond the question of authority and inquire into and determine at his peril the existence or the legality of the highway upon which the bridge is so ordered constructed. We hold that the contractor need not make such inquiry, and that it is immaterial in the case at bar whether there was or was not at the point where the bridge was constructed a legally existing highway. It may be presumed that there was.

3. It is further contended that the appropriation was illegal, for the

reason that the amount thereof exceeded the fund then available for road and bridge purposes. If the fact be as claimed, namely, that the road and bridge fund was overdrawn by this appropriation, the legality thereof could well be questioned, at least to the extent of the excess thereof over and above the available funds. But it does not affirmatively so appear. At the annual town meeting preceding the date of this appropriation, the electors voted to raise the sum of $500 for road and bridge purposes. If this represented the entire fund for the particular year the basis for defendant's contention would appear. There is, however, no evidence to the effect that the sum so raised at the town meeting represented the whole fund in the town treasury which was available for this purpose at the time the appropriation was made. We are not justified in presuming that the fund was overdrawn by the town board. Such an act would have been in violation of the statute (G. S. 1913, § 1190) and illegal, and the presumption must be in favor of the legality of their action. Gillette-Herzog Mnfg. Co. v. Board of Co. Comimrs. of Aitkin County, 69 Minn. 297, 72 N. W. 123; 1 Dunnell, Minn. Dig. § 3435.

This covers all that need be said. We have considered all the assignments of error and discovered no reason for reversal.

Order affirmed.