## ERNEST MALMBERG v. COUNTY OF HENNEPIN AND OTHERS.[1]

July 27, 1923.

No. 23,681.

**Highway Act of 1921 not unconstitutional because in certain counties county surveyors must act.**

Chapter 323, Laws 1921, is the general highway law. By section 29 county highway engineers are appointed in all the counties of the state by the county board, except that by a proviso of subsection 7 such engineers are not appointed in counties having a population in excess of 225,000. In such counties the duties required of highway engineers are cast upon the county surveyors. Section 29 is not unconstitutional as special legislation under Const. art. 4, § 33.

Action by a resident taxpayer to restrain the county commissioners of Hennepin county from appointing a county highway engineer. From an order, Nye, J., sustaining a demurrer to the complaint, plaintiff appealed. Reversed.

*Ernest Malmberg*, pro sé.

*E. H. Stinchfield*, with *Jamison, Stinchfield & Mackall* and *L. P. McNally*, filed a brief as amicus curiæ.

*Floyd B. Olson*, County Attorney, and *Frank J. Williams*, Assistant County Attorney, for respondents.

[1]Reported in 194 N. W. 765.

DIBELL, J.

Taxpayer's action for an injunction restraining the county commissioners of Hennepin county from appointing a county highway engineer. The plaintiff appeals from the order sustaining a demurrer to the complaint.

The general highway law is chapter 323, p. 406, Laws 1921. Section 29 provides that "the county board of each county shall appoint and employ as hereinafter provided, and may remove, a county highway engineer who shall have charge of the highway work of the county," etc. The county board fixes his salary. He is selected from a list of highway engineers or road builders submitted by the state commissioner of highways. Subdivision 7 of section 29 is as follows:

"In all cases where any other engineer or surveyor is now charged by law with duties in connection with, and supervision, of road or highway work for the county he is hereby relieved at the expiration of his present term, and the county highway engineer at that time is expressly charged with, and he shall then assume such duties, provided that the duties of the county highway engineer as specified in this section shall be performed by the county surveyor in all counties in the state having a population of over 225,000."

Hennepin county has a population in excess of 225,000. It is the contention of the defendants that subdivision 7 is unconstitutional as special legislation under Const. art. 4, § 33. Being of this view they propose to appoint a highway engineer although the statute provides otherwise. They rely largely upon Hjelm v. Patterson, 105 Minn. 256, 117 N. W. 610, 127 Am. St. 560. That case is without application.

In the larger counties the surveyors perform the duties which are performed by the highway engineers in the smaller counties. Both receive their pay from the county. Both are charged with the performance of the same duties. The difference is that county surveyors, who are elected, are charged by law with the performance of duties in respect to highways in the larger counties, while in the smaller counties highway engineers, who are appointed and remov-

able by the county board, perform such duties. The highway law is general. By G. S. 1913, §§ 2584-2586, counties of a large population have had for years control through their county boards of the expenditure of the road and bridge fund, and the surveyors of such counties have been required to do work similar to that now required of a county highway engineer. It may be fairly supposed that in the larger counties there are competent county surveyors fitted for road construction and that a proper administration of road work is established in them. By G. S. 1913, §§ 985, 986, the salaries of county surveyors are fixed. By subsequent amendments the salaries in the larger counties have been substantially increased, and likely so because of the additional work put upon them. In the Hjelm case there was no provision for doing the necessary engineering work in counties of a less population than those to which the statute under review applied. Under the statute involved here the same highway work may be done in all counties over the state. There is the same supervision. The difference is in determining who shall do the supervision. We think the basis of the classification of counties is valid and the statute constitutional.

From what we have said a holding should not be inferred that an engineer should be appointed in Hennepin county under section 29 if subdivision 7 is unconstitutional as special legislation. The defendants' contention is that the classification is unconstitutional; that the proviso of subdivision 7 is unconstitutional; that the rest of section 29 is constitutional; and that all the counties of the state are governed by it. In short the claim is that the proviso of subdivision 7 is in effect eliminated, because unconstitutional, so that section 29, so far as it applies to the appointment of engineers, applies to all of the counties, though the proviso as to counties having a population in excess of 225,000 says otherwise. This may or may not be correct. Perhaps section 29 would apply to none. We express no opinion.

Neither do we express an opinion upon section 24, giving general supervision to the county boards, or the effect upon it of the provision of section 29 for the appointment of a county highway engineer. In Armstrong v. Board of Co. Commrs. of St. Louis County, 103

Minn. 1, 114 N. W. 89, it was held that the county board had implied power to appoint a superintendent of highways under the statute which is now section 24. Whether the county might not do so now, if section 29 were unconstitutional, is of no importance, since we hold the statute constitutional.

Order reversed.