## JOHN JOHNSON v. UNORGANIZED SCHOOL DISTRICT, CASS COUNTY.[1]

April 25, 1924.

No. 23, 909.

**No recovery for services performed by volunteer.**

During the school year ending in June, 1922, plaintiff had been transporting certain children for defendant school district under a written contract. Without any renewal of the contract but supposing that it would be renewed, plaintiff, without invitation from defendant, began transporting the children again in September, 1922, and continued until, upon asking payment for the services already performed, he was refused, defendant having decided not to have the children transported that season. *Held* that plaintiff performed the services as a mere volunteer and cannot recover upon the theory of either implied or quasi contract.

Action in the district court for Cass County to recover $200. The case was tried before Stanton, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Frederick J. Miller*, for appellant.

*Frank N. Whitney*, for respondent.

STONE, J.

Action by plaintiff to recover the reasonable value of transporting certain children to and from a schoolhouse in defendant district during the autumn of 1922. There was a directed verdict for defendant and plaintiff appeals from the order denying his motion for a new trial.

For a period of several years ending in June, 1922, plaintiff had been employed by defendant to transport to and from one of its schoolhouses certain of the children in attendance there. That work had been done under written contracts, the last one covering the school year of 1921-1922.

[1]Reported in 198 N. W. 463.

It was decided by the proper officials, because of the loss of certain state aid, to discontinue the transportation of the children in question during the fall of 1922. They concluded not to establish a "route" unless inclement weather made it necessary. Notwithstanding this action by the school board, plaintiff, without an invitation from anyone and assuming that his old contract would be renewed, began transporting the children in the usual manner when school opened in September, 1922. The children of three families were carried to and from the schoolhouse by plaintiff. His own were among them. This went on until mid-October when plaintiff requested payment for his services and was refused. That refusal continuing, this action was commenced.

In the absence of any express contract, the effort is made to recover on a quantum meruit. But there can be no such recovery here. It is a case where one of the parties has very definitely refused to contract at all. Therefore, it cannot be said that the conduct of the party so refusing (the school district) is the expression of contractual consent to the rendition of plaintiff's services in such a manner that the latter is entitled to recover. In other words, it is not a case where a contract can be implied from the action of the parties. That is only another way of saying that their conduct does not express a contract.

Neither is it a case for the imposition upon defendant of a quasi-contractual obligation. There was no request by it that the services be performed. So far as it took any corporate action, it decided that the services should not be performed. Therefore, plaintiff must be considered as a mere volunteer and denied recovery. For him, the result is unfortunate, but his loss is attributable solely to his failure to take the simple precaution of making sure of his position before the beginning of his work in September, 1922.

There is no room here for the application of the principle of such cases as First National Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L. R. A. (N. S.) 84; Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L. R. A. (N. S.) 473, and Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N. W. 266. In each of those cases the defendant municipality intention-

ally took and made use of valuable property belonging to plaintiff. There was no escape from the resulting quasi-contractual obligation to pay the reasonable value of what was so used. Here defendant never accepted, intentionally or otherwise, plaintiff's services. Defendant had decided that no such services would be performed by anyone. It was not incumbent upon defendant to publish that conclusion to plaintiff. Rather it was for plaintiff to make sure that his services were wanted before he performed them. Not having done so, he was, as already stated, a mere volunteer.

Neither is there any estoppel operative against defendant. It made no representation nor did it take any action upon which plaintiff had a right to rely.

Order affirmed.