# EDWARD M. TOUSLEY AND ANOTHER v. LYNN THOMPSON AND OTHERS.[1]

February 26, 1926.

No. 25,083.

**Hennepin county board has authority to employ engineering service for construction of bridge approaches.**

1. Construing the statute giving the county board authority over the construction of highways, and that giving it authority to employ help for county offices, it is *held* that the county board of Hennepin may employ, in a proper case, engineering service for the construction of approaches to a bridge.

**Irregularity in method of employment cured by performance of services.**

2. If regularly such service should be employed through the office of the surveyor, the employment directly by the board is but an irregularity, of which advantage cannot be taken after the services are performed.

Bridges, 9 C. J. pp. 439 n. 25 New; 442 n. 41.

Action by taxpayers in the district court for Hennepin county. Plaintiffs appealed from an order sustaining a demurrer to the complaint, Bardwell, J. Affirmed.

*Grimes & Maxwell,* for appellants.

*Frank J. Williams* and *Stevens & Stevens,* for respondents.

DIBELL, J.

Action by taxpayers of Hennepin county to compel the board of county commissioners, and the surety on their official bonds, to pay

[1]Reported in 207 N. W. 624.

into the county treasury money which under authority of the board was paid for the services of engineers in the construction of the approaches to the Mendota bridge over the Minnesota river at Fort Snelling. A demurrer to the complaint was sustained, and the plaintiffs appeal.

1. In Malmberg v. County of Hennepin, 156 Minn. 389, 194 N. W. 765, we held that the statute, L. 1921, p. 428, c. 323, § 29, now embodied in G. S. 1923, § 2569, providing for the appointment of county highway engineers, but excepting counties of a population of over 225,000, and therefore Hennepin, was constitutional as against the objection that it was special legislation. The result is that Hennepin county has no highway engineer. It has a surveyor. By subdivision 7 of section 29, cited above, there is put upon the county surveyor the duties imposed by that section upon county highway engineers in counties to which the statute is applicable.

On August 6, 1923, the county board entered into a contract with the engineers who had designed and supervised the construction of the bridge to do engineering work in connection with the approaches. The work was completed and the engineers were paid. The plaintiffs clam that the approaches, which were of a length of some 4¾ miles, were a part of the connecting highways—not an integral part of the bridge; that the engineering work should have been done by the county surveyor; and that the board was without authority to employ additional engineering service.

County boards have by statute general supervision of county roads. G. S. 1923, § 2565. Under such a statute it has been held that the county board may employ such agents as are necessary to oversee and inspect work upon the highways for which it appropriates moneys. Armstrong v. Board, 103 Minn. 1, 114 N. W. 89. By L. 1923, p. 622, c. 419, § 21, county boards of counties of the class of Hennepin have "the power to appoint and employ such additional help for the various county offices as to them may seem just and proper, and fix the compensation to be paid therefor."

The approaches, though parts of public highways, and though it is alleged that they are not an integral part of the bridge, have a necessary and definite relation to the bridge. Under such circum-

stances, considering the duties with which the board is charged and the powers given it in the construction of highways, and its general authority to employ help for county offices, we ought not to hold that the employment of the engineering services was beyond its authority. In reaching this result we confine ourselves to the facts alleged. In its argument the county at times states or assumes facts which the complaint does not allege, and these we ignore.

2. If it be urged that the help furnished the county surveyor, under the statute cited, should have been furnished through his office, or upon his request, the answer is that the failure to do so is no more than an irregularity of which advantage. cannot be taken after the contract is completed and the county has received the benefit. Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271, 13 L. R. A. (N. S.) 793, 120 Am. St. 621; Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L. R. A. (N. S.) 473; City of Marshall v. Kalman, 153 Minn. 320, 190 N. W. 597.

Order affirmed.