## JOHN LINDGREN v. TOWNS OF ALGOMA AND NORLAND.[1]

August 19, 1932.

No. 28,933.

*M. J. Hegland,* for appellant.
*G. M. Stebbins,* for respondent.

HILTON, J.

The town of Algoma appeals from a judgment in favor of plaintiff and against it in the sum of $147.10.

Plaintiff and 11 other persons performed certain work in constructing and repairing a mile of a town line road between the town of Algoma and the town of Norland. The town of Norland paid its one-half of the cost thereof. The 11 other persons properly assigned their claims to plaintiff, who remained the owner thereof. Complying with the statute, the claims were filed with the town clerk

[1]Reported in 244 N. W. 70.

of Algoma. They were disallowed. The town of Algoma defended in an action brought in justice court; judgment was entered against it. On appeal to the district court the judgment here appealed from was rendered. No evidence was introduced at the trial, the case being submitted to the court on a stipulation of facts. Among these facts stipulated and here important are:

"1. That the town of Algoma could legally make the contract for labor for the repair and construction of the road involved in this action and that it was within the power of the town board of said town to make such a contract.

"2. That the work, labor and use of teams was fully performed *as alleged in the complaint herein* and that the reasonable value of these services rendered and teams furnished are the sums set forth in the twelve causes of action alleged in the complaint, and that the aggregate amount thereof is the sum of $148.50, and that no part thereof has been paid except the sum of $74.25 which was paid by the defendant town of Norland. [The judgment against the town of Algoma was made up of $74.25, interest $10.79, costs and disbursements taxed $62.06.]

\* \* \* \* \* \*

"6. That there is no proof that more than one member, the chairman, of the town board of the town of Algoma was present *at the time the contract for the performance of said labor was entered into between the plaintiff, the [whole] town board of the town of Norland and the town of Algoma,* for the construction of the road involved in this action, nor that more than the one member of the town board of the town of Algoma had knowledge that the said road was being constructed, until after the same was completed.

"7. That the benefits received by the defendant town of Algoma through and by reason of the repair and construction of the said mile of road, was of the value of the cost of the construction of said road."

The complaint alleges that the work in question was performed at the request of the town boards of the two towns. The stipulation of facts states that the work was performed as alleged in the com-

plaint. We have then a situation where work was performed by the plaintiff and his assignors upon a town road on the line between two towns at the request of the town boards of both towns.

G. S. 1923, § 2571, as amended, 1 Mason, 1927, id. gives to town boards the care and supervision of all town roads. The section is broad enough to authorize town boards to expend money in building and repairing such roads to the extent that the town has funds available for that purpose. Lack of funds is not here shown. Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166. It further appears that the labor and use of the horses was reasonably worth the amount charged therefor; that the town of Algoma could legally make the contract for the repair and construction of the road involved in this action; and that the benefits received by defendant was the value of the cost of construction of said road.

Defendant cites G. S. 1923 (1 Mason, 1927) § 1098, in which a town board is prohibited from contracting debts or making expenditures for any one year exceeding in amount the taxes assessed for such year. There is no proof that the expenditure here would be in excess of the amount of taxes assessed for that year. The presumption is that the fund would not be overdrawn. Great Northern B. Co. v. Town of Finlayson, 133 Minn. 270, 158 N. W. 392.

Defendant's contention is to the effect that because of the sixth provision of the stipulation an order for judgment in plaintiff's favor should not have been made. Plaintiff in his brief makes certain statements as to a previous joint meeting of the two town boards at which meeting certain action was taken relative to the construction of the road in question. We are not permitted to pay any attention to these statements. If they stated facts, such might well have appeared in the stipulation entered into. We are obliged to and do confine ourselves to the record before us.

On the record the situation does not make plaintiff a mere volunteer such as was plaintiff in Johnson v. Unorganized School Dist. 159 Minn. 226, 198 N. W. 463.

A recovery in this case must be based on a quasi contract as defined in the case of Town of Balkan v. Village of Buhl, 158 Minn. 271, 274, 197 N. W. 266, 267, 35 A. L. R. 470, in which it was stated:

"The quasi-contract is what was formerly known as the contract implied in law. It has no reference to the intentions or expressions of the parties. The obligation is imposed despite, and frequently in frustration of, their intention. . * * * A municipal corporation finds no escape from such an obligation, for, as the principle was long ago announced by the supreme court: 'The obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the * * * property of others without authority, the law, independent of any statute, will compel restitution or compensation.' "

The recent case of Wakely v. County of St. Louis, 184 Minn. 613, 240 N. W. 103, is in point, and we need not quote specifically therefrom. Defendant's attempt to distinguish it from the instant case is not at all persuasive. See generally First Nat. Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A. (N.S.) 84; Fargo Foundry Co. v. Village of Callaway, 148 Minn. 273, 181 N. W. 584; Tousley v. Thompson, 166 Minn. 261, 207 N. W. 624; Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L.R.A. (N.S.) 473.

The contract was not ultra vires. The town of Algoma could legally enter into it. It received the full benefit of the labor performed and the services rendered on a public road that defendant was obligated to build and care for. Plaintiff cannot be recompensed other than by payment. Equity and good conscience support the judgment. There is nothing in the stipulation of facts relative to any bad faith of the parties. The answer of defendant is a general denial; there are no allegations of either bad faith or of any fraud, collusion, or intentional purpose to evade the law on the part of anyone. Under the facts in this case, we hold that the judgment should be and it is affirmed.

Judgment affirmed.

Wilson, C. J.

I dissent.

Loring, J.

I dissent.