# WILLIAM HOLTBERG v. GEORGE J. BOMMERSBACH AND ANOTHER.
## BURTON A. BERKHOEL v. SAME.[1]

February 1, 1952.

Nos. 35,703, 35,704.

*J. Norman Peterson,* for appellants.
*Dell, Rosengren & Rufer,* for respondents.

[1] Reported in 51 N. W. (2d) 586.

MATSON, JUSTICE.

The plaintiff in each of two separate actions, consolidated for trial, has appealed from an order granting defendants' motion to set aside and quash the service of the summons and complaint. We now have a motion by plaintiffs to have the hearing of the appeals advanced on the calendar. We also have a motion by defendants to strike from plaintiffs' brief three affidavits which were never presented to or considered by the trial court and which were in fact obtained subsequent to the taking of the appeal herein. In the alternative, defendants have also moved for a dismissal of the appeals upon the ground that the appeals are not properly before this court for want of a bill of exceptions or settled case.

We shall first consider defendants' motion to strike from appellants' brief the three affidavits which were never presented to the trial court for consideration. These affidavits relate to the movements and whereabouts of defendant Richard Feckler subsequent to the time of the making of the attempted service upon him of the summons and complaint, by leaving copies thereof at his purported house of usual abode.

It is elementary that the supreme court is vested only with appellate jurisdiction, except in such remedial cases as may be prescribed by law.[2] Appeals, therefore, must be decided solely upon the evidence actually presented to the trial court and shown by the record on appeal.[3] We are not here concerned with the exception pursuant to which an appellate court, *in order to sustain verdicts and judgments,* may permit omissions in proof to be supplied by documentary evidence of a conclusive nature. See, Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291, 3 A. L. R. (2d) 909. Affidavits filed or obtained after the trial obviously could not

[2]Minn. Const. art. 6; 6 Dunnell, Dig. & Supp. §§ 9069, 9070.

[3]Mattfeld v. Nester, 226 Minn. 106, 123, 32 N. W. (2d) 291, 303, 3 A. L. R. (2d) 909; Moose v. Vesey, 225 Minn. 64, 29 N. W. (2d) 649; Lindgren v. Towns of Algoma and Norland, 187 Minn. 31, 33, 244 N. W. 70, 71; Schmidt v. Equitable L. Assur. Society, 376 Ill. 183, 33 N. E. (2d) 485, 136 A. L. R. 1036; 5 C. J. S., Appeal and Error, § 1522; 3 Am. Jur., Appeal and Error, § 835.

have been presented to the trial court and are entitled to no place in the appellate record and briefs. Clearly, they may not be considered as part of the evidence by a court of review.[4]

In support of their theory that this court may consider the affidavits which were never presented to the trial court, plaintiffs cite the case of C. M. & St. P. Ry. Co. v. Sprague, 140 Minn. 1, 167 N. W. 124. The Sprague case, as well as Skolnick v. Gruesner, 196 Minn. 318, 265 N. W. 44, and Hart v. Bell, 222 Minn. 69, 23 N. W. (2d) 375, 24 N. W. (2d) 41, as an exception to the general rule that the theory upon which a case is tried below must be adhered to on appeal, hold that an appellate court may properly base its decision upon a ground not presented to the trial court where, upon undisputed facts, the question raised for the first time on appeal is decisive of the entire controversy on its merits. Obviously, the exception established by these decisions furnishes no justification for a consideration of evidence not produced at the trial.

■ Although defendants' motion to strike from plaintiffs' brief all affidavits which were not produced before the trial court must be granted, their alternative motion to dismiss the appeal for want of a settled case or bill of exceptions will be denied. In reviewing an order of the trial court which, as in the instant case, is based exclusively upon the original records on file, inclusive of affidavits which are a part thereof, a settled case or bill of exceptions is not necessary *if the original file has been returned to this court.*[5] Pursuant to M. S. A. 605.04, a litigant who desires the benefit of this rule bears the burden of taking the necessary steps to have the clerk of the trial court forward the original file to the supreme court. An appellant confronted with a motion for the dismissal of his appeal for want of a settled case or a bill of exceptions should have the original file forwarded to this court *prior to the date of the hearing of such motion.*

---

[4]Keith v. State, 89 Tex. Cr. 264, 232 S. W. 321, 16 A. L. R. 949; 3 Am. Jur., Appeal and Error, § 835; see, Schmidt v. Equitable L. Assur. Society, 376 Ill. 183, 33 N. E. (2d) 485, 136 A. L. R. 1036.

[5]Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 392, 232 N. W. 740; Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570.

Upon the showing made, plaintiffs' motion to have the hearing of the appeals advanced upon the calendar is granted, and it is ordered that they be set for hearing on the first open day in the month of March 1952.

Defendants' motion to strike certain affidavits from plaintiffs' brief is granted, and the alternative motion to dismiss the appeals is denied.

So ordered.