## J. J. KIES v. CORDELIA WARRICK, INDIVIDUALLY, AND CORDELIA WARRICK, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF ISAAC N. WARRICK, DECEASED.[1]

May 27, 1921.

No. 22,247.

**Contract of sale — deficiency in acreage — remedies of vendee.**

1. Where a tract of land sold is described in the contract of sale as of a given quantity, and the quantity is in fact deficient, the purchaser may at his option have specific performance with pecuniary compensation or abatement of the price proportioned to the amount of the deficiency.

**Plat — testimony of surveyor when his notes are not in evidence.**

2. Where a surveyor surveyed land, made notes of his survey, and from those notes made a plat of the land showing the acreage, and he testifies that the plat correctly shows the acreage, the plat may be received in evidence, though the surveyor's notes are not in evidence. The surveyor may testify as to the number of acres in the tract, though his notes are not in evidence.

**Specific performance — tender before suit unnecessary.**

3. Plaintiff was not required to tender performance before suit for specific performance.

**Same — when term has been omitted from contract by mistake.**

4. In an action for specific performance, the fact that a provision favorable to the defendant has been omitted from the contract by mistake, is not a defense, if the plaintiff is ready, able and willing to perform the whole agreement including the omitted term.

[1]Reported in 182 N. W. 998.

149 M.—12.

Action in the district court for Nobles county for specific performance of an agreement to sell land. The case was tried before Nelson, J., who when plaintiff rested denied defendants' motion to dismiss the action, made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Selover, Schultz & Mansfield*, for appellants.

*J. A. Town, E. J. Jones*, and *E. H. Nicholas*, for respondent.

HALLAM, J.

On October 25, 1917, defendant, Cordelia Warrick, and her husband, Isaac Warrick, contracted to sell to plaintiff an irregular tract of land in Nobles county. This action was brought to compel specific performance of the agreement. From a judgment for plaintiff, defendants appeal.

There is evidence that, prior to the making of the contract sued on, the Warricks placed the land in the hands of John Mitchell, a land man of Worthington, for sale, and told him the tract contained 209 acres. Mitchell went to plaintiff and negotiated a sale at $140 an acre, and told him the farm contained 209 acres, and drew a written contract of sale stipulating for a sale at $140 an acre or $29,260. Mitchell and plaintiff went together to procure the signatures of the Warricks to this contract, but the Warricks wanted more money. They demanded $29,-800. Plaintiff testified that he sat down with them and figured the price per acre on a basis of 209 acres at $142.58 per acre, and then told them he would accept the offer. He then prepared a contract of sale which described the property according to government subdivisions and as "containing in all, two hundred and nine (209) acres." The price named in the contract was $29,800, the sum of $1,000 to be paid on execution of the contract, $8,800 March 1, 1918, $20,000 on or before March 1, 1928, with interest at 5½ per cent per annum.

Thereafter, two matters of controversy arose. Plaintiff had the land surveyed and claimed the acreage was only 203.17. There were mortgages upon the land aggregating above $8,000 to one Patterson, due March 1, 1921, and the mortgagee would not accept the money and release the mortgages.

Plaintiff in his complaint asked that the court require defendants to give a deed of the premises described, that deduction be made from the price to be paid by plaintiff because of the shortage in the acreage and that the amount of the encumbrances upon the land be deducted from the purchase price. The court made its decree in accordance with these demands in the complaint.

The court found "that the price of the said land was computed upon the basis of 209 acres and that the price per acre so computed was $142.58." Defendants challenge the part of this finding that the farm was sold "on an acreage basis, or for any particular price per acre." They contend that this finding is "absolutely without foundation in the evidence" and that "this being so, the whole fabric of plaintiff's case falls." There may be some question whether this contract can be considered technically a sale at the price of $142.58 per acre, but in our opinion this is by no means decisive of the case. The contract does in express terms stipulate that the tract sold is described as "containing in all two hundred and nine (209) acres," and the tract in fact falls short by 5.83 acres.

We understand the rule to be that, where the tract sold is described as of a given quantity, that quantity is a material term of the contract, and, if it is in fact deficient in quantity, the court may, at the option of the purchaser, decree a conveyance, and allow the purchaser pecuniary compensation or abatement of price proportioned to the amount of the deficiency. Pomeroy, Contracts, Specific Performance, §§ 434-435, 438; Warvelle, Vendors, § 749; Melin v. Woolley, 103 Minn. 498, 115 N. W. 654, 946, 22 L.R.A.(N.S.) 595; Tobin v. Larkin, 183 Mass. 389, 67 N. E. 340; Garrett v. Goff, 61 W. Va. 221, 56 S. E. 351; Docter v. Hellberg, 65 Wis. 415, 27 N. W. 176; Seegar v. Smith, 78 Ga. 616, 3 S. E. 613; Murphy v. Hohne, 73 Fla. 803, 74 South. 973, L.R.A. 1917F, 594. This appeals to us as a just rule and we adopt it and hold that it is applicable, whether the land is sold by the acre or for a lump sum.

2. Defendants contend there is no competent evidence as to the acreage of the farm. A surveyor, H. W. Jones, gave evidence that he surveyed the farm and made notes and records of the survey at the time, and later from such original notes and records made a plat of the farm. This plat, he said, correctly showed the number of acres in the farm.

The plat was received in evidence and the witness was permitted to testify, without introduction of his notes in evidence, that he found in his survey that the farm contained 203.17 acres. There was no error. Where a surveyor testifies to the accuracy of a plat made by him, it is not ordinarily error to receive the plat in evidence, even though it was made from notes which are not in evidence. The sufficiency of the verification is a question addressed to the discretion of the trial judge. Strasser v. Stabeck, 112 Minn. 90, 127 N. W. 384; Hall v. Conn. Mut. Life Ins. Co. 76 Minn. 401, 79 N. W. 497; 22 C. J. 910. A witness who has made a survey of land for the purpose of determining its acreage and who has computed the acreage from measurements taken by him, may also testify as to the acreage found by him without introduction of the notes in evidence.

. 3. The other assignments of error do not require extended discussion. There is ample evidence that plaintiff was at all times ready, able and willing to carry out his contract. Plaintiff was not required to make tender of performance, Lewis v. Prendergast, 39 Minn. 301, 38 N. W. 802, and was never in default because defendants were never able to fully perform.

4. The contract, through mistake of parties, omitted to provide that the deferred payment shall be secured by a purchase money mortgage upon the land sold. Plaintiff conceded that this provision should have been in the contract, and the decree provides that the mortgage shall be given. Defendants have no ground for complaint. That a provision, favorable to the defendant, has been omitted by mistake, is not a defense, if the plaintiff is ready, able and willing to perform the whole agreement including the omitted term. 36 Cyc. 608; Park v. Johnson, 4 Allen (Mass.) 259; Anderson v. Kennedy, 51 Mich. 467, 16 N. W. 816.

Judgment affirmed.