Naus, Respondent, vs. Chicago & Milwaukee Electric Railway Company and others, Appellants.

*November 11—December 9, 1924.*

*Street railways: Safeguarding passengers: Degree of care required: Contributory negligence: Trial: Failure to produce competent witness: Hypothetical questions: New trial: Discretion of court.*

1. In an action against a street railway brought by a passenger to recover for injuries received when a car in which he was riding collided with an automobile truck, the evidence, which showed that plaintiff, who was standing on the front platform waiting to alight, was thrown forward by the sudden stop of the car and struck the brake-wheel, is *held* to present a jury question as to contributory negligence.  p. 181.

2. A party need not produce all the evidence which might relate to his case, although his unexplained failure to produce a competent witness in his behalf is sometimes the subject of comment by opposing counsel before the jury; and on appeal the case must be tested by the evidence as produced before the court.  p. 181.

3. The admission of the testimony of an expert based on a hypothetical question is not error where the question, upon being objected to as not covering all the facts, was amended by including the omitted facts, the amended question not being objected to as to form.  p. 181.

4. An instruction as to the right of a passenger to rely on the exercise by the railway employees of a high degree of care for the safety of passengers, although involved and lacking clearness, is not prejudicial error.  p. 182.

5. The denial of a new trial, requested on the ground that plaintiff's wife, who was a witness in his behalf, had instituted divorce proceedings against him, and that defendants had no opportunity to ascertain the nature of the proceedings, was within the discretion of the trial court, and his action will not be disturbed except in a clear case of abuse of discretion; there being nothing in the facts presented with reference to this matter which suggests the necessity of a new trial, and the defendants, at the time of the trial, although knowing that proceedings had been started, having made no attempt to produce the record in the divorce action.  p. 183.

6. The failure of plaintiff to produce his attending physician as a witness is not ground for a new trial, since plaintiff was at liberty to produce him or not, and under sec. 4075, Stats., defendants could not require the physician to testify.  p. 184.

Naus v. Chicago & M. E. R. Co. 185 Wis. 178.

Appeal from a judgment of the circuit court for Milwaukee county: W. B. Quinlan, Judge. *Affirmed.*

The action was for damages for personal injury to the plaintiff, resulting from a collision between a street car of the defendant *Chicago, North Shore & Milwaukee Railroad* and an auto truck of the defendant *Gridley Dairy Company.* The defendants admitted negligence on their part, and allege contributory negligence on the part of the plaintiff.

It appears that the defendant railroad company was operating a street car in the city of Milwaukee on one of the streets of said city, and the defendant *Gridley Dairy Company* was operating a two-ton auto truck, heavily loaded with milk cans. While the driver of the auto was crossing the tracks of the railroad company, the street car and the auto came into collision. The case was submitted to the jury on the question of contributory negligence and the amount of damages, if any. The jury found that there was no want of ordinary care on the part of the plaintiff and that his damages amounted to $2,500.

There was a motion to change the answers in the special verdict, and a motion to set the verdict aside and for a new trial, which motions were denied. The defendants appealed and assign as errors: (1) the action of the court in denying the motion to change the answers in the verdict; (2) in denying the motion to set aside the verdict and for a new trial because it is against the weight of the evidence; improper admission of evidence; error in charge to the jury; damages are excessive, and justice has not been done; and (3) in denying motion for a new trial on newly-discovered evidence.

For the appellants there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *Mr. John T. McQuaid* of Milwaukee and *Mr. Wood.*

For the respondent there was a brief by *Wm. A. Schroeder, Clarence W. Bradford,* and *Jacob S. Rothstein,* all of

Milwaukee, and oral argument by *Mr. Schroeder* and *Mr. Rothstein.*

CROWNHART, J.    The first assignment of error goes to the merits of the case, and on that point we are to determine whether there is any evidence justifying the verdict of the jury.    The burden of proof was upon the defendants to show contributory negligence, and if there is any credible evidence sustaining the verdict of the jury it must be upheld.

The plaintiff testified that he was a passenger on the street car, riding on the front platform, waiting to alight from the car.    The car was going down an incline and came in collision with an auto truck which was crossing the street ahead of it on the track.    The truck weighed about two tons and was loaded with about 9,000 pounds of milk in cans.    The collision resulted in shoving the truck some distance on the street, bending the axle of the truck and breaking a couple of spokes.    The car was driven by electricity and was stopped by reversing the current.    Several passengers on the car testified that it was brought to an easy stop.    The plaintiff testified that it was stopped so suddenly as to throw him forward on the brake-wheel and injure his groin and private parts.    In support of plaintiff's testimony, the conductor who came forward testified that the motorman told him that a party had been injured in the stomach by striking the brake-wheel.    Another passenger standing on the front platform testified in substance to the same thing.    It appears that the plaintiff made complaint about being injured at the time.    When the car stopped he went to the Emergency Hospital, a few blocks distant, and then returned to his home.    His wife testified that he was suffering pain and that she administered hot-water applications; that the doctor of the railroad company visited him the next day at their home, and directed her to apply hot-water applications, which she did, and that the injured parts were swollen and inflamed and plaintiff gave evidence of much

pain.  The motorman was not a witness.  It is plain to be seen that the evidence was sufficient to go to the jury on the question of contributory negligence.  The defendants contend that the plaintiff was looking out of the window and could have. seen the impending collision, and should have extended his hand and caught hold of the brake-wheel to protect himself.  That is an inference which they might argue to the jury, but it cannot be held as a matter of law that plaintiff should have done so.

The defendants claim that the court erred in admitting the testimony of Dr. Irving H. Fowle as an expert.  This objection does not go to the doctor's qualifications, but goes to the failure of the plaintiff to produce physicians who had examined and treated him for the injuries.  We know of no rule of law that requires a party to produce all the evidence which might relate to his case.  If he fails to produce a competent witness in his behalf, without explanation, it is sometimes the subject of comment by counsel for the opposing party before the jury, but the case on appeal must be tested by the evidence as produced before the court.  The hypothetical question directed to Dr. Fowle was objected to on the ground that it did not cover all the facts, and counsel for plaintiff thereupon amended the question and included the omitted facts.  The question as amended was not objected to as to form.  It was a proper question to submit to an expert, and there is no error in this regard.

The court charged the jury on the question of contributory negligence as follows:

"Now, for the safety of its passengers, the defendant's duty as a common carrier requires its employees, in the management and operation of its cars, to exercise the highest degree of care reasonably to be expected from human vigilance and foresight, in view of the mode and character of the conveyance adopted and consistent with the practical prosecution of its business.  Now, you will notice the difference between the definition of the term 'highest degree of care' which is used in this question, and the definition of

the term 'ordinary care,' which is usually used in personal injury cases and negligence cases, which is as follows: The term 'ordinary care' you will understand to mean such care as the great mass of mankind ordinarily exercise under the same or similar circumstances, so you will understand that the acts and conduct of the motorman and conductor in the course of their employment and in managing and operating the car at the time of the accident are considered in law the acts and conduct of the defendant.

"Now, passengers using street cars are charged with knowledge of the possibility of such movements as a person of ordinary intelligence and prudence ought reasonably to know or anticipate usually or ordinarily accompanying the operation of such cars. When the persons in charge or control thereof perform their duties in the manner required—as required by law as stated to you, in the exercise of ordinary care—requires that such prudence be used with such knowledge and conduct themselves in such manner or with that degree of care as is usually or ordinarily exercised by persons of ordinary care or prudence or the great majority of people engaged in the same or similar acts under the same or similar circumstances to protect themselves against the consequences of injury from such usual or ordinary operating movements as are incidental to the operation of the cars under the circumstances stated above, so you will take into consideration all the facts and circumstances as disclosed by the testimony in the case and determine what the fact is."

This instruction is objected to on the ground that it introduced the issue of negligence on the part of the defendants and tended to confuse the jury as to the issues. It is further claimed that the charge informs the jury that plaintiff could not be guilty of contributory negligence unless defendants' agents were free from fault.

It must be admitted that the charge is somewhat involved and lacks clearness, but we cannot see that it contains prejudicial error. It seemed plain that the court was stating the rule of reasonable anticipation; that is, that the plaintiff would have the right to rely upon the defendants to exercise the care that the law requires under such circumstances.

We think the jury was entitled to be so instructed. Passengers on a street car may rely upon the requirement of law that the employees shall exercise a high degree of care for the safety of passengers. It is because of such reliance that passengers are permitted to stand in street cars, to move back and forth, and to stand on the platforms while the cars are running. We see nothing in the charge that would mislead the jury. There is very little evidence, if any, of contributory negligence on the part of the plaintiff, and we are not disposed to scan the instruction with too critical an eye under the circumstances.

The other objections to the charge were equally untenable. We will not take the space to discuss them in detail.

It is urged that the damages are excessive. We have given this matter very serious attention. We note the possibility of the plaintiff having magnified his injuries in this case, and yet the jury had a right to believe the evidence of the plaintiff and the evidence of his wife as to the nature and character of his injuries, and if we assume the testimony of these two witnesses to be true, as the jury must have found it to be true, then the verdict is amply sustained by the evidence. Nothing is to be gained by setting out the evidence in detail.

Finally, objection is made because the court denied a new trial on the ground of newly-discovered evidence. It appeared on the trial that plaintiff's wife had instituted divorce proceedings against her husband, and it is urged here that the defendants had no opportunity to ascertain at that time the nature of the proceedings. There is nothing in the facts presented by affidavit with reference to this matter that would suggest the necessity of a new trial. Counsel knew at the time of the trial that divorce proceedings had been started, and made no attempt to procure the record during the trial. The granting of a new trial was properly within the discretion of the trial court, and this court will not disturb the action of the trial court except in a clear case of

abuse of discretion. The defendants urge as grounds for a new trial the failure of the plaintiff to produce Dr. Quinn, who treated the plaintiff for his injuries. We cannot see that the situation with reference to Dr. Quinn's testimony would be any different on a new trial than it was on the trial of this action. The plaintiff was at liberty to produce him or not, as he chose. The defendants cannot require the doctor to testify. Sec. 4075, Stats.

On the whole case we are satisfied that there is no error, and the judgment must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.