In Re FAHNESTOCK'S ESTATE.

STATE, by BAER, Director of Taxation, Appellant, v. FAHNESTOCK, Respondent.

(245 N. W. 899.)

(File No. 7440.  Opinion filed December 20, 1932.)

*M. Q. Sharpe,* Attorney General, and *Charles P. Warren,* Assistant Attorney General, for the State.

*Stover & Jaynes,* of Watertown, for Respondent.

CAMPBELL, P. J.   Harry J. Fahnestock died testate November 10, 1930, leaving as his executrix and sole heir his widow, Olive S. Fahnestock.   There passed to her by his will property of the money value of $53,062.38 with indebtedness chargeable against such property in the amount of $6,217.83, leaving the net value of the property $46,844.55.   Six hundred dollars worth of this property was outside the state of South Dakota, leaving the net value of property for inheritance tax purposes under the laws of this state $46,244.55.   Inasmuch as property outside the state passed to the widow in the sum of $600, it is agreed that her exemption from inheritance tax under section 6832, R. C. 1919, as amended by chapter 108, Laws 1919, and chapter 107, Laws 1923, is $9,400. The parties being thus in agreement as to the net value of the property for inheritance tax purposes and the amount of the exemption, a controversy has arisen between them as to the proper manner of determining the amount of inheritance tax.   The state, by the director of taxation, insists that the amount of tax should be arrived at as follows:

```
Net value of property .............$46,244.55
Exemption  .........................  9,400.00
                                     ----------
                                    $36,844.55

Difference between $15,000 and amount
    of exemption, taxable at 1 per cent..$ 5,600.00
                                     ----------

Balance, taxable at 2 per cent........$31,244.55
```

The widow, on the other hand, contends that the amount of tax should be arrived at by the following calculation:

Net value of property ..............$46,244.55
Exemption ........................ 9,400.00
                                    ·$36,844.55
$15,000, taxable at 1 per cent.........$15,000.00

Balance, taxable at 2 per cent........$21,844.55

The county court, and the circuit court on an appeal to it, upheld the widow's contention and determined the tax pursuant to the second method above set out. From the judgment of the circuit court, the state, by the director of taxation, has appealed to this court.

Material statutes are sections 6829, 6830, and 6831, R. C. 1919, as amended by chapter 108, Laws 1919, and relevant portions thereof read as follows:

"Section 6829. *Tax Computed upon Full Value in Excess of Exemptions.* The tax so imposed shall be computed upon the true and full market value in money of such property less any indebtedness, except expenses of administration, chargeable against such property, and at the rate hereinafter prescribed and only upon the amount in excess of the exemptions hereinafter granted. * * *"

"Section 6830. *Primary Rates on Fifteen Thousand Dollars or Less.* When the property or any beneficial interest therein passes by any such transfer, where the amount of the property shall exceed in value the exemptions hereinafter specified, and shall not exceed in value fifteen thousand dollars, the tax hereby imposed shall be:

"1. Where the person entitled to any beneficial interest in such property shall be the wife or lineal issue, at the rate of one per cent of the clear value of such interest in such property."

Section 6831. *Primary Rates on Amounts above Fifteen Thousand Dollars.* The rates in the preceding section are for convenience termed primary rates. When the amount of the clear value of such property or interest exceeds fifteen thousand dollars, the rate of tax upon the excess shall be as follows:

"1. Upon all excess of fifteen thousand dollars, and up to fifty thousand dollars, two times the primary rate."

Under our Inheritance Tax Law, the maximum exemption in any case is $10,000. It seems very plain under section 6830 that the primary rate of 1 per cent is to be imposed, not upon the first $15,000, subject to tax, but upon such margin as may exist between $15,000 and the exemption, whatever it may be; and that under section 6831 double the primary rate is to be imposed upon all excess above $15,000 and up to $50,000.

■ ■ Respondent urges in opposition to this view the language of section 6829, particularly that part which states that "The tax so imposed shall be computed * * * only upon the amount in excess of the exemptions hereinafter granted." We cannot see that the language of section 6829 ought to have any such effect as respondent would give it. The method of tax determination contended for by the state does not result in computation of tax except upon the amount of property passing in excess of the exemption. We think a tax is computed, within the meaning of section 6829, when the rate provided for by the statute is applied to the value of the property and the amount of the tax thereby ascertained. Section 6829 does not purport to fix the rate of tax or the zones of property value wherein the different rates apply. That matter is controlled by sections 6830 and 6831. Section 6830 provides for the primary rate of 1 per cent where the amount of the property exceeds the exemptions and does not exceed $15,000, and we think the statute means that the rate of 1 per cent shall be applied to the difference between the exemption and $15,000, whatever such difference may amount to in any case. We see nothing in the language of section 6829 which conflicts with this view, nor can we see anything in determining the amount of tax pursuant to the method contended for by appellant (which we think is the exact manner contemplated by sections 6830 and 6831) which conflicts in any way with the requirement of section 6829 that the tax shall be computed only upon the amount in excess of the exemption.

We are of the opinion that the learned trial court erred in the method of computation adopted, and the judgment appealed from is reversed, and the cause remanded, with directions to enter

judgment determining the tax on the basis contended for by appellant.

■■ ˙Appellant has printed as an appendix to its brief herein a letter under date of April 29, 1920, from the then tax commissioner to an attorney in this state. This letter was not offered or received in evidence in the court below, and was not proper for the consideration either of that court or of this court. It should not have appeared in the record, and no costs will be taxed in this court for the printing of pages 35 to 43, inclusive, of appellant's brief.

All the Judges concur.