James CARLSON, et al., Respondents,

v.

**MUTUAL SERVICE INSURANCE, a/k/a MSI Insurance, et al., Petitioners, Appellants.**

No. C1–91–1122.

Supreme Court of Minnesota.

Feb. 5, 1993.

Leif A. Nelson, Grand Rapids, for appellants.

W. Scott Herzog, Dale M. Wagner, Minneapolis, for respondents.

COYNE, Justice.

Once again we consider the question of the imposition on an insurance agent of a common law duty, based on special circumstances, to specifically offer underinsured motorist coverage as a part of an automobile insurance policy issued subsequent to the repeal of the statute, Minn.Stat. § 65B.49, mandating an offer of underinsured motorist (hereinafter UIM) coverage. The court of appeals affirmed the trial court's imposition of such a duty in the circumstances of the case but reversed the trial court's determination that the insured's entitlement was limited by the amount of underinsured motorist coverage he would have purchased as a part of the policy covering one vehicle. The court of appeals then held the insurer was liable for the stacked limits of UIM coverage with respect to two vehicles. We affirm in part and reverse in part.

James and Cathy Carlson lived in Tower, Minnesota, where James was an elementary school teacher and athletic coach. James and Cathy also owned and operated a resort. When Donald Carlson, whose sister is married to James' brother, became Mutual Service Insurance's agent in Tower, James and Cathy purchased casualty and liability insurance covering the resort from Donald. In 1979 James and Cathy moved the automobile insurance covering a 1978 Suburban and a 1962 Ford pickup truck to Mutual Service Insurance; Donald was the MSI agent in these transactions.

Neither automobile policy provided UIM coverage. James testified that Donald never offered UIM coverage, but the application for the insurance on the Suburban included a signed acknowledgement of an offer of UIM coverage and a rejection of the coverage. The jury found that James authorized Cathy to sign the application for him and that she did so. While the application for the policy covering the Ford pickup also included a signed acknowledgement and rejection of UIM coverage, the jury found that Donald had affixed James' name to the application.

In 1981, after repeal of the statute mandating an offer of UIM coverage, James applied for automobile insurance to cover a newly acquired 1980 Citation. James and Donald agree that Donald did not offer or suggest that the policy include UIM coverage although Donald acknowledged that MSI had instructed its agents to continue to make the offer to all clients despite repeal of the mandatory offer statute. The policy issued in response to James' application provided residual liability limits of $100,000 per person and $300,000 per accident, basic economic loss limits of $20,000 for medical expense loss and $10,000 for income loss, and uninsured motorist coverage with limits of $100,000 per person and $300,000 per accident, but no UIM coverage.

On November 11, 1983, James Carlson was injured when the 1980 Citation collided with another automobile. After collecting the $25,000 limit of the other driver's liability insurance, James and Cathy commenced this action against Donald and MSI alleging violation of the statute requiring the offer of UIM coverage prior to April 12, 1980 and alleging breach of a duty to properly advise plaintiffs of the availability and cost of UIM coverage, causing plaintiffs to be damaged in the amount of $100,000.

Based on the familial relationship between James and Cathy and Donald and their personal friendship, and based on evidence that they celebrated holidays together and saw each other at family gatherings, that James and Cathy purchased all of their insurance from Donald and, as the jury found, relied on Donald to provide them with the kinds of insurance that would meet their needs, and that Donald was informed in July 1981 when James applied for insurance on the recently purchased Citation that James was beginning a new job as a life insurance salesman—a job which would require more traveling than was required for his previous job as a teacher—the trial judge found "special circumstances" which gave rise to a duty on Donald's part to offer UIM coverage on the

Citation. The jury found that Donald had breached that duty by failing to explain and offer UIM insurance in 1981 when James applied for insurance on the Citation. The jury also found that the plaintiffs were negligent in respect of their purchase of automobile insurance and apportioned negligence 60% to Donald and MSI and 40% to James and Cathy.

Although the record does not disclose that the complaint was amended, at some point the plaintiffs seem to have raised their sights from damages of $100,000 to a higher amount, for the special verdict included this question and answer:

How much coverage would James Carlson have purchased, if any, on:

| | | |
|---|---|---|
| (a) | The Citation | 100,000/300,000 |
| (b) | The 1978 Suburban | 100,000/300,000 |
| (c) | The 1962 pickup | 100,000/300,000[1] |

Finally, the jury found that James had sustained damages of $480,000 and that Cathy's damages for loss of consortium amounted to $90,000.

The trial judge's Findings of Fact, Conclusions of Law and Order for Judgment included the determination that James and Cathy had rejected UIM coverage on the Suburban in 1979, that Donald negligently failed to offer UIM coverage in 1981 and that James and Cathy would have purchased UIM coverage with limits of $100,000 per person and $300,000 per accident on the newly acquired Citation on which Donald was writing insurance for the first time. The trial judge ordered judgment in favor of James and Cathy against the defendants in the amount of $114,000 (James' damages $100,000 plus Cathy's damages $90,000 reduced by their 40% negligence). Both plaintiffs and defendants sought posttrial relief. The trial court denied plaintiffs' motion for amended findings and conclusions or a new trial and denied defendants' motion for judgment notwithstanding but amended the order for judgment, reducing the judgment to $60,000, because

James' damages exhausted the $100,000 per person limits of the UIM coverage they would have purchased on the Citation had it been offered. The amendment was based on the court of appeals decision in *Sicoli v. State Farm Mutual Automobile Ins. Co.*, 464 N.W.2d 300 (Minn.App.1990). We note, however, that Minnesota has long recognized that any derivative claim, such as loss of consortium or a parent's claim for medical treatment of an injured child, falls within the "per person" limits, not the "per accident" limits of automobile insurance. *Holtz v. Mutual Service Casualty Co.*, 264 Minn. 121, 117 N.W.2d 767 (1962).

On appeal the court of appeals affirmed the determination that special circumstances created a common law duty to offer UIM coverage on the Citation but reversed the trial court's declination to extend that duty to any renewal of the policy on the Suburban, stacked $100,000 limits of UIM coverage on the Citation and the Suburban, and awarded James $120,000.

 It is, of course, for the trial court to determine whether the plaintiff has demonstrated that the defendant is subject to a duty. *Germann v. F.L. Smithe Mach. Co.*, 395 N.W.2d 922, 924 (Minn.1986). With respect to a common law duty on the part of an insurance agent to offer, advise or furnish insurance coverage to an insured, this court has held that special circumstances surrounding the transaction and the relationship of the agent vis-a-vis the insured may result in the creation of such a duty. *Johnson v. Urie*, 405 N.W.2d 887, 889 (Minn.1987). In light of the circumstances of the relationship between Donald and James Carlson and the circumstances of the transaction in July 1981 resulting in the issuance of a policy of automobile insurance covering the Citation, we conclude

---

1. Although the record does not contain any agreement to litigate coverage on any vehicle except the Citation, defendants seem to have tacitly consented because they requested inclusion of this question in the special verdict.

that the trial court correctly decided the legal question of the existence of a common law duty to offer UIM coverage. We also conclude that the trial court correctly decided that that duty did not exist in connection with the renewal of the insurance on the 1978 Suburban. As the trial judge pointed out, on the basis of the jury's verdict, UIM coverage on the Suburban had previously been offered and rejected by James and Cathy. Moreover, although Donald testified that he thought MSI insured three of James' automobiles in November of 1983, he did not identify the automobiles; the evidence did not demonstrate that James owned the Suburban at the time of the 1983 accident or that MSI insured it.

██ After the trial judge issued his Findings of Fact, Conclusions of Law, and Order for Judgment, the plaintiffs attempted to supply the missing proof by sending to the trial judge a copy of a 1983 premium statement for insurance on a Suburban and a copy of a check register entry (not a cancelled check) indicating payment of the premium. The trial judge properly ignored this post-verdict attempt to attack the order for judgment with material never offered or received in evidence during the trial. We have, on one occasion, upheld post-verdict reception of a certified copy of letters of special administration, saying

> [A]ppellate courts, in order to sustain verdicts and judgments, will permit omissions to be supplied by documentary evidence of a conclusive nature.

*Mattfeld v. Nester*, 226 Minn. 106, 123, 32 N.W.2d 291, 303–04 (1948).

On the other hand, this court has refused to consider documents which are not conclusive and were neither offered nor received in evidence where self-serving documents were submitted for the purpose of reversal. *Plowman v. Copeland, Buhl & Co., Ltd.*, 261 N.W.2d 581, 583 (Minn.1977); *Moose v. Vesey*, 225 Minn. 64, 29 N.W.2d 649 (1947). Here the material submitted post-verdict for the purpose of reversal is not conclusive, although it surely would permit the inference that James owned the Suburban and that MSI insured it at the time of the accident. Nevertheless, the court of appeals appears to have erroneously accepted this material as conclusive and for the purpose of reversal. Furthermore, the court of appeals based reversal of the denial of damages for lack of UIM coverage on the Suburban on its assumption that the trial court had set aside the jury's finding that James would have purchased $100,000 of UIM coverage on the Suburban. We are of the opinion, however, that the trial court's decision with respect to the coverage on the Suburban did not involve rejection of a finding that if James had purchased UIM coverage on the Suburban, he would have selected limits equal to his liability coverage or even that he would have purchased UIM coverage on the Suburban had it been offered sometime after repeal of the mandatory offer statute. Rather, the trial court's decision seems to have been based on its determination that the circumstances did not justify imposition of a common law duty to renew the offer of UIM coverage on the Suburban. In light of the earlier rejection of UIM coverage, the absence of evidence of ownership of the Suburban or that MSI insured it at the time of the accident, and the absence of any evidence that James continued to work as a life insurance salesman at whatever time the renewal of insurance on the Suburban would have been discussed, we cannot hold that the trial judge's decision was wrong.

Therefore, we affirm the determination that defendants owed a common law duty to offer and explain UIM coverage in July 1981 when plaintiffs applied for insurance on a newly acquired Citation; we reverse the court of appeals' decision that the trial judge erred in declining to extend the duty to offer UIM coverage to the renewal of insurance on a 1978 Suburban, and we reinstate the judgment entered in the trial court.

Affirmed in part; reversed in part; and reinstatement of the judgment entered by the trial court ordered.

PAGE, J., took no part in the consideration or decision of this case.